MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
DIGNO QUITUISACA TAPIA, *individually and on behalf of others similarly situated,*

                      *Plaintiff*,

          -against-

NATIONS ROOF EAST, LLC  (D/B/A NATIONS ROOF EAST LLC), NATIONS ROOF OF NEW YORK, LLC  (D/B/A NATIONS ROOF EAST LLC), PATRICIA DONOHUE , MICHAEL JOHANNES , SAL DOE , JOSE DOE , ANDY DOE , MATA DOE , and DAVID DOE ,

                      *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Digno Quituisaca Tapia ("Plaintiff Quituisaca" or "Mr. Quituisaca"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Nations Roof East, LLC (d/b/a Nations Roof East LLC), Nations Roof of New York, LLC (d/b/a Nations Roof East LLC), ("Defendant Corporations"), Patricia Donohue,  Michael Johannes,  Sal Doe,  Jose Doe,  Andy Doe,  Mata Doe, and  David Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Quituisaca is a former employee of Defendants Nations Roof East, LLC (d/b/a Nations Roof East LLC), Nations Roof of New York, LLC (d/b/a Nations Roof East LLC), Patricia Donohue, Michael Johannes, Sal Doe, Jose Doe, Andy Doe, Mata Doe, and David Doe.

2. Defendants own, operate, or control a roof construction company, located at 70 Saint Casimir Ave, Yonkers, NY 10701 under the name "Nations Roof East LLC."

3. Upon information and belief, individual Defendants Patricia Donohue, Michael Johannes, Sal Doe, Jose Doe, Andy Doe, Mata Doe, and David Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction corporation as a joint or unified enterprise.

4. Plaintiff Quituisaca was employed as a roof worker at construction sites located mostly in Manhattan and the Bronx.

5. At all times relevant to this Complaint, Plaintiff Quituisaca worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Quituisaca appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Quituisaca wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Quituisaca to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Quituisaca and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Quituisaca now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Quituisaca seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Quituisaca's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and for the most part, Plaintiff Quituisaca was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Digno Quituisaca Tapia ("Plaintiff Quituisaca" or "Mr. Quituisaca") is an adult individual residing in Westchester County, New York.

15. Plaintiff Quituisaca was employed by Defendants at Nations Roof East LLC work sites located mostly in Manhattan and the Bronx from approximately March 2018 until on or about September 2019.

16. Plaintiff Quituisaca consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a roof construction company, located at 70 Saint Casimir Ave, Yonkers, NY 10701 under the name "Nations Roof East LLC."

18. Upon information and belief, Nations Roof East, LLC (d/b/a Nations Roof East LLC) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 70 Saint Casimir Ave, Yonkers, NY 10701.

19. Upon information and belief, Nations Roof of New York, LLC (d/b/a Nations Roof East LLC) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 255 Lake Ave, Yonkers, New York 10701.

20. Defendant Patricia Donohue is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Patricia Donohue is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Patricia Donohue possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Quituisaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Michael Johannes is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Johannes is sued individually in his capacity as a manager of Defendant Corporations. Defendant Michael Johannes possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Quituisaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Sal Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sal Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sal Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Quituisaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Jose Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jose Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Jose Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Quituisaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant Andy Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andy Doe is sued individually in his

capacity as a manager of Defendant Corporations. Defendant Andy Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Quituisaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25. Defendant Mata Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mata Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Mata Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Quituisaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26. Defendant David Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant David Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Quituisaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

27. Defendants operate a roof construction company which performs a great part of its work in Manhattan.

28. Individual Defendants, Patricia Donohue, Michael Johannes, Sal Doe, Jose Doe, Andy Doe, Mata Doe, and David Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

29. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Each Defendant possessed substantial control over Plaintiff Quituisaca's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Quituisaca, and all similarly situated individuals, referred to herein.

31. Defendants jointly employed Plaintiff Quituisaca (and all similarly situated employees) and are Plaintiff Quituisaca's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff Quituisaca and/or similarly situated individuals.

33. Upon information and belief, Individual Defendants Patricia Donohue and Sal Doe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of their own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiff Quituisaca's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Quituisaca, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Quituisaca's services.

35. In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37. Plaintiff Quituisaca is a former employee of Defendants who was employed as a roof worker in work sites located mostly in Manhattan and the Bronx. Plaintiff Quituisaca seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Digno Quituisaca Tapia*

38. Plaintiff Quituisaca was employed by Defendants from approximately March 2018 until on or about September 2019.

39. Defendants employed Plaintiff Quituisaca as a roof worker.

40. Plaintiff Quituisaca regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

41. Plaintiff Quituisaca's work duties required neither discretion nor independent judgment.

42. Throughout his employment with Defendants, Plaintiff Quituisaca regularly worked in excess of 40 hours per week.

43. From approximately March 2018 until on or about September 2019, Plaintiff Quituisaca worked from approximately 5:30 a.m. until on or about 6:30 p.m., Mondays through Fridays (typically 65 hours per week).

44. Throughout his employment, Defendants paid Plaintiff Quituisaca his wages by check.

45. From approximately March 2018 until on or about May 2019, Defendants paid Plaintiff Quituisaca $28.00 per hour.

46. From approximately June 2019 until on or about September 2019, Defendants paid Plaintiff Quituisaca $25.00 per hour.

47. Plaintiff Quituisaca's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48. For example, Defendants required Plaintiff Quituisaca to start working 1 hour prior to his scheduled start time and continue working 3 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

49. Plaintiff Quituisaca was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50. On a number of occasions, Defendants required Plaintiff Quituisaca to sign a document, the contents of which he was not allowed to review in detail.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Quituisaca regarding overtime and wages under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Quituisaca an accurate statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Quituisaca, in English and in Spanish (Plaintiff Quituisaca's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Quituisaca (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

55. Plaintiff Quituisaca was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants habitually required Plaintiff Quituisaca to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57. Defendants' time keeping system did not reflect the actual hours that Plaintiff Quituisaca worked.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. On a number of occasions, Defendants required Plaintiff Quituisaca to sign a document the contents of which he was not allowed to review in detail.

60. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Quituisaca (and similarly situated individuals) worked, and to avoid paying Plaintiff Quituisaca properly for his full hours worked.

62. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Quituisaca and other similarly situated former workers.

64. Defendants failed to provide Plaintiff Quituisaca and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants failed to provide Plaintiff Quituisaca and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff Quituisaca brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67. At all relevant times, Plaintiff Quituisaca and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

68. The claims of Plaintiff Quituisaca stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69. Plaintiff Quituisaca repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiff Quituisaca's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Quituisaca (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

73. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Quituisaca (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Quituisaca (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Quituisaca (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

76. Plaintiff Quituisaca repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Quituisaca overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78. Defendants' failure to pay Plaintiff Quituisaca overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Quituisaca was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

80. Plaintiff Quituisaca repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to provide Plaintiff Quituisaca with a written notice, in English and in Spanish (Plaintiff Quituisaca's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

82. Defendants are liable to Plaintiff Quituisaca in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

83. Plaintiff Quituisaca repeats and realleges all paragraphs above as though fully set forth herein.

84. With each payment of wages, Defendants failed to provide Plaintiff Quituisaca with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

85. Defendants are liable to Plaintiff Quituisaca in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

86. Plaintiff Quituisaca repeats and realleges all paragraphs above as though set forth fully herein.

87. Defendants did not pay Plaintiff Quituisaca on a regular weekly basis, in violation of NYLL §191.

88. Defendants are liable to Plaintiff Quituisaca in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Quituisaca respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Quituisaca and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Quituisaca's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Quituisaca and the FLSA Class members;

(e)     Awarding Plaintiff Quituisaca and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Quituisaca and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Quituisaca;

(h) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Quituisaca;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Quituisaca's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Quituisaca;

(k) Awarding Plaintiff Quituisaca damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l) Awarding Plaintiff Quituisaca damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Quituisaca liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Quituisaca and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Quituisaca and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Quituisaca demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 16, 2021

                                                      MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 3, 2019

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:     Digno Quituisaca Tapia

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma: _____

Date / Fecha:     3 de deciembre 2019

*Certified as a minority-owned business in the State of New York*