UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
DINGO QUITUISACA TAPIA, individually and
on behalf of others similarly situated,   **DEFENDANT'S FIRST SET**
                                          **OF INTERROGATORIES**
         Plaintiff,
                                          *Civil Action No.*
    -against-                             1:21-cv-01358

NATIONS ROOF EAST, LLC (D/B/A NATIONS
ROOF EAST LLC), NATIONS ROOF OF NEW YORK,
LLC (D/B/A NATIONS ROOF EAST LLC),
PATRICIA DONOHUE, MICHAEL JOHANNES, SAL
DOE, JOSE DOE, ANDY DOE, MATA DOE, and
DAVID DOE,

         Defendants.
------------------------------------------X

**PLEASE TAKE NOTICE**, that pursuant to Rule 33 of the Federal Rules of Civil Procedure and local civil Rule 33.3, defendants hereby require plaintiff serve upon Pillinger Miller Tarallo LLP, attorneys for defendants, answers, under oath, to the following interrogatories within thirty days:

### DEFINITIONS

1. The term "Plaintiff," "you" or "your" refers to DINGO QUITUISACA TAPIA and shall be deemed to include any of his agents, representatives, "others similarly situated" and attorneys.

2. The term "Defendants" refers to NATIONS ROOF EAST, LLC (D/B/A NATIONS ROOF EAST LLC), NATIONS ROOF OF NEW YORK, LLC (D/B/A NATIONS ROOF EAST LLC), PATRICIA DONOHUE, MICHAEL JOHANNES, SAL DOE, JOSE DOE, ANDY DOE, MATA DOE, and DAVID DOE, the defendants named in the caption of the Complaint in this

action, and shall be deemed to include the following: any predecessor or successor entities; any current or former agents, representatives, or employees of defendants; any parent, subsidiary or affiliated corporations or other entities of defendants or of said predecessors or successors; and any current or former agents, representatives, or employees of such parent, subsidiary or affiliated corporations or other entities.

3. "Person" or "individual" means any person, professional, employee, administrator, corporation, association, firm, partnership, or other business or legal entity, including Plaintiff. For each "person" or "individual" identified, provide the knowledge or information that "person" or "individual" has relative to the subject matter of the interrogatory.

4. The term "document" shall include any and all written or graphic matter, however reproduced, of any kind or description, whether sent, received, or neither, including originals, copies, drafts, and copies or reproductions of the items herein that differ in any respect from the original, such as copies containing marginal notations or other variations, both sides thereof, including but not limited to papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, text messages, social media posts, chat room communications, e-mail

messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints and tape recordings of any size, and recordings (audio or video) of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical reporters, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer print outs, data processing input and output, microfilms and all other records kept by electronic, photographic, material or mechanical means, and things similar to any of the foregoing, however denominated, including investigative reports, test results, videotapes, computer readable media, machine sensible, electronic and/or photographs. If it is not possible to produce an electronic document in electronic, native format, indicate the reasons it cannot be produced in this format, and state in which formats it can be produced and in which format you are producing it.

5. "Identify" when used with reference to a natural person, means to state: (i) the individual's full name and present address, or if the present address is not known, the individuals' last known address; (ii) the full name and address of each of the individuals' employers, each corporation of which the individual is an officer or director, and each business in

which he or she is a principal; (iii) the individuals' present (or, if the present is not known, the last known) position, and the individuals' position at the time of the act to which the interrogatory answer relates; and (iv) such other information sufficient to enable defendants to identify the person.

6. "Identify" when used with reference to any entity other than a natural person means: (i) state the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized, and the date of such organization; (ii) identify each of the entity's officers, directors, shareholders, or other principals; and (iii) state whatever other information exists which concerns the existence of the entity.

7. "Identify" when used with reference to a document or communication means to state: (i) its nature (e.g., letter, telegram, memorandum, chart, reports, study), dates, author, date and place of preparation, and the name and address of each addressee, if any; (ii) the identity of each signer to the document or communication; (iii) the title or heading of the document or communication; (iv) its substance; (v) its present (or, if the present is not known, the last known) location and custodian; (vi) the identity of each person to

whom a copy was sent, each date of its receipt, and each date of its transmittal or other disposition by or on behalf of (a) the Plaintiff and (b) any other person (naming such other person), who at any time either received or transmitted or otherwise disposed of such document or communication and each copy thereof; and (vii) the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted. Plaintiff may, in lieu of identifying any document, attach a true copy of such document or communication as an exhibit to its answer to these inquiries, along with an explicit reference to the inquiry to which each such attached document or communication relates.

8. "Identify" when used with reference to any oral transaction or communication, means: (i) state its nature (e.g., telephone call, conversation in person, etc.); (ii) state the date and place thereof; (iii) identify each person participating therein, or present during, or witness to any part thereof; and (iv) identify each document in which such transaction or communication was recorded, described or referred to.

9. "Identify" when used with reference to a statement or representation means: (i) state the date and place it was made; (ii) state whether the statement or representation was oral or written; (iii) if the statement or representation was oral, identify the oral communication in which it was made;

and (iv) if the statement or representation was in writing, identify the document in which it was made, indicating the page and line on which the statement or representation was made and the opening and closing words of the statement or representation.

10. "Identify" when used in any context other than those set forth above means describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including, without limitation, any failure to act, to engage in any conduct, or to pursue any course of action), to be identified as fully as possible, and identify each document or communication in which such act, word, situation, event, conduct or course of action, etc., was recorded, described and referred to.

11. Whenever in these interrogatories there is a request to specify, identify, or name a natural person or individual, you shall provide that person's: (i) full name; (ii) present residential address (street name and number, city, state, and zip code); and (iii) telephone number. If the present address or telephone numbers are unknown, so state and set forth the last known information of that person: (i) present place of employment; (ii) position held; (iii) business address (street name and number, city, state, and zip code); and (iv) telephone number. If any such information is unknown, so state and set forth the last known information and the past

and present relationship or connection of such person with the plaintiff or the defendants, if any.

12. When an interrogatory requests you to identify, to state the identity of, or to describe a document, you shall provide: (i) a copy of said document; (ii) the date the document was prepared; (iii) the date the document bears; (iv) the identity of the author of the document; (v) a description of the document in sufficient detail to enable it to be specifically identified; (vi) the identity of all recipients of the document; and (vii) the number of pages in the document.

13. The terms "concerning" or "regarding" means relating to, referring to, evidencing, or constituting and vice versa. The terms "all" and "each" shall be construed as all and each. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document demand all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

14. The term "communication" is used herein in the broadest sense and includes, but is not limited to, every manner or means of disclosure, transfer, or exchange of information, any and all conversations, meetings, discussions and other occasion for verbal exchange, whether in person or by telephone, as well as all correspondence, letters, memoranda, telefaxes, telegrams,

cables, electronic, digital, and other writings or documents.

15. If a document for which identification is sought has been lost or destroyed, state in addition to the information required pursuant to this identification of that document whether such document was lost or destroyed. If lost, state the circumstances under which such document was lost; and if destroyed, identify each person responsible for or participating in such document's destruction. In each instance, describe in detail the type of document, date, author and recipients of the document, and an accurate statement of the content thereof.

16. When an interrogatory requests you to describe something or to state the basis of a claim or assertion, you shall provide a reasonably detailed narrative statement setting forth the facts and information presently available to you on the matter in question, including, when applicable, all the relevant dates, times, and places, the identity of all parties to the transaction, event, conversation or occurrence, the identity of the person or persons who participated or were involved therein, the substance thereof, and the principals for whom such person or persons purported to act. When reference is made to a date, time, figure, amount, or geographic area, the answer, when necessary, may reflect that it contains a reasonable approximation.

17. With respect to any definitions set forth above, or to any

other word used herein, that you believe is vague and ambiguous, please provide your own definition of the term and answer any interrogatory incorporating the term using your own definition.

18. In answering the interrogatories below, wherever you make a claim of privilege, with respect to each claim, state the following: (i) the privilege claimed and a precise statement of the facts upon which the claim of privilege is based. If the claim of privilege relates to a document, then for each such document: (i) identify the author; (ii) identify all recipients of the documents; (iii) identify all persons who prepared or assisted in the preparation of the document; (iv) state the date and subject matter of the document; (v) describe the nature of the document (e.g., letter, memorandum, diary, etc.); (vi) briefly state the basis for the claim of privilege including the specific privilege being asserted; and (vii) produce a copy of the document with those portions for which the claim of privilege is asserted redacted.

19. Defendants reserve the right to file additional interrogatories and to pursue other discovery.

**INTERROGATORIES**

1. Identify each recorded, electronic, or written document or communication Plaintiff has obtained from any person relating to the case or any allegation, count, cause of action, claim, or other assertion set forth in the Complaint, and identify

the person who provided the document or communication and the date the document or communication was obtained.

2. Identify all persons who possess or may possess knowledge or information relating to the case or any allegation, count, cause of action, claim, or other assertion set forth in the Complaint, including, but not limited to, all present and former employees and coworkers, and provide a detailed description of the knowledge or information each individual possesses or may possess and the basis of that knowledge.

3. Identify all written, electronic or recorded documents or communication, and the existence, custodian, location, and a general description thereof, which Plaintiff possesses related to the case or any allegation, count, cause of action, claim, computation of damages or other assertion set forth in the Complaint.

4. Identify all work-related and personal "computers," and "electronic devices" and the present location of each device, along with its respective internet service providers and account numbers, and all social media accounts, networking sites, electronic applications, and e-mail accounts on which Plaintiff interacted or otherwise viewed or used from January 2018 through December 2019, including, but not limited to, Facebook, LinkedIn, Instagram, Twitter, Reddit, 4chan, Snapchat, Imgur, YouTube, Foursquare, Tumblr, Indeed, Glassdoor, Beyond, Ladders, and any public forum or chatroom,

and each respective account's usernames, profiles, associated e-mail addresses, and other identifiers, as applicable.

5. Identify all bank accounts, credit card accounts, and debit card accounts that belonged to Plaintiff or that he otherwise used during the Relevant Time Period, along with the financial institution associated with each account and its respective account numbers.

6. With respect to Plaintiff's claims for damages, state the amount of damages claimed for each category of damage alleged; identify and provide a detailed computation for each and every category of damage alleged; a detailed explanation of damages for the calculation of each dollar amount for each category of damage alleged; and the method of calculation of damages for each category of damage alleged.

7. State whether any investigation, whether formal or informal, was conducted by Plaintiff or on Plaintiff's behalf relating to any claims or assertions in the Complaint, and if so, for each investigation, state the reasons for the investigation; the dates of investigation; all individuals and entities involved or identified; and identify any documents or communication generated as a result of the investigation.

8. Apart from the instant lawsuit, state whether Plaintiff has ever filed a lawsuit in which Plaintiff alleged any wage-and-hour or other employment-related action of any kind, and if so, for each lawsuit, state the action(s) alleged; the date of

filing; the court in which the lawsuit was filed; all parties involved or identified; the allegations asserted; the current status of the lawsuit; and identify all documents or communication that relate to or support the allegations asserted.

9. State whether Plaintiff contends that Defendants made any declarations against interest and/or admissions regarding any claims or allegations asserted in the Complaint, and if so, for each declaration against interest or admission, state the substance of each; time and location of each; identify the person or entity making each; and identify all individuals present when each declaration against interest and/or admission was made.

10. Identify each and every person who has knowledge in any way related to plaintiff's claim that "from approximately March 2018 until on or about September 2019 Plaintiff Quituisaca worked from approximately 5:30 a.m. until on or about 6:30 p.m., Mondays through Fridays (typically 65 hours per week)" as alleged in paragraph 43 of the Complaint.

11. Identify each and every person who has knowledge in any way related to plaintiff's claim that "on a number of occasions, Defendants required Plaintiff Quituisaca to sign a document, the contents of which he was not allowed to review in detail" as alleged in paragraph 50 of the Complaint.

12. Identify each and every person who has knowledge in any way

related to plaintiff's claim that the defendants "habitually required Plaintiff Quituisaca to work additional hours beyond his regular shifts but did not provide him with any additional compensation" as alleged in paragraph 56 of the Complaint.

13. Identify each and every person who has knowledge in any way related to plaintiff's claim that the defendants "willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records" as alleged in paragraph 58 of the Complaint.

14. Identify each and every person who has knowledge in any way related to plaintiff's claim that the defendants "engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL" as alleged in paragraph 62 of the Complaint.

15. Identify each and every person who has knowledge in any way related to plaintiff's claim that the defendants' "unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Quituisaca and other similarly situated former workers" as alleged in paragraph 63 of the Complaint.

16. Identify the other "similarly situated former workers" referred to in paragraph 63 of the Complaint.

17. Identify each and every person who has knowledge in any way

related to plaintiff's claim that the defendants "failed to provide Plaintiff Quituisaca and other employees with accurate wage statements at the time of their payment of wages" as alleged in paragraph 64 of the Complaint.

18. Identify each and every person who has knowledge in any way related to plaintiff's claim that defendants failed to provide plaintiff Quituisaca and other employees "at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof..." as alleged in paragraph 65 of the Complaint.

19. Identify each and every person referred to or has knowledge of or plaintiff and other members of the FSLA Class being subject to defendants' "common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA" as alleged in paragraph 67 of the Complaint.

20. Identify each and every person who knowledge in any way related to plaintiff's claim that defendants "failed to pay plaintiff (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week"

as alleged in paragraphs 73 and 77 of the Complaint.

21. Identify each and every person who knowledge in any way related to plaintiff's claim that defendants "failed to provide Plaintiff Quituisaca with a written notice, in English and in Spanish (Plaintiff Quituisaca's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1)" as alleged in paragraph 81 of the Complaint.

22. Identify each and every person who knowledge in any way related to plaintiff's claim that defendants "failed to provide Plaintiff Quituisaca with a written notice, in English and in Spanish (Plaintiff Quituisaca's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of

the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1)" as alleged in paragraph 84 of the Complaint.

23. Identify each and every person who knowledge in any way related to plaintiff's claim that defendants "did not pay Plaintiff Quituisaca on a regular weekly basis, in violation of NYLL §191" as alleged in paragraph 87 of the Complaint.

24. Identify all persons whom Plaintiff expects to call or utilize as a lay or expert witness at any time during this litigation, and describe the subject matter about which each such witness is expected to testify.

25. Identify all persons, documents, and communications relied upon in the answering of these Interrogatories.

Dated: Westchester, New York
April 1, 2021

PILLINGER MILLER TARALLO, LLP

By: _____
MARC H. PILLINGER
For the Firm
Attorneys for Defendants
Nations Roof East, LLC (d/b/a Nations Roof East LLC), Nations Roof of New York, LLC. (d/b/a Nations Roof East LLC), Patricia Donohue and Michael Johannes
555 Taxter Road, 5th Floor
Elmsford, New York 10523
(914) 703-6300
Our File No. NATR-00102/MHP

TO:
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorney for Plaintiff
Digno Quituisaca Tapia, individually and on behalf of others similarly situated
110 East 59th Street, Floor 32
New York, New York 10022
(212) 317-1200

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Defendant's First Set of Interrogatories was mailed by first class mail, postage prepaid this April 1, 2021, to all counsel of record as indicated on the service list below.

_____
MARC H. PILLINGER
For the Firm

## SERVICE LIST

MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorney for Plaintiff
Digno Quituisaca Tapia, individually and on behalf of others similarly situated
110 East 59th Street, Floor 32
New York, New York 10022
(212) 317-1200