# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into on this _____ day of _____, 2022, (the "Execution Date") by and between: DIGNO QUITUISACA TAPIA, individually and on behalf of others similarly situated, on behalf of themselves, their heirs, executors, administrators, assigns, and all persons in privity with them (the "Claimant" or "Plaintiff(s)"); and NATIONS ROOF EAST, LLC (D/B/A NATIONS ROOF EAST LLC), NATIONS ROOF OF NEW YORK, LLC. (D/B/A NATIONS ROOF EAST LLC), MICHAEL JOHANNES, on behalf of themselves, affiliates, and each of its respective (present and former) entities, subsidiaries and parent corporations, affiliates, officers, directors, agents, owners, shareholders, servants, employees, indemnities, insurers, predecessors, successors individually and in their official capacities, and assigns, reinsurers, employees, contractors, independent contractors, successors in interest, and all persons in privity with them (collectively the "Company" or "Defendants").

Plaintiffs and Defendants are collectively referred to herein as the "Parties".

## RECITALS

A    WHEREAS Plaintiff DIGNO QUITUISACA TAPIA filed an action (the "Action") against the Company, alleging inter alia, that Company failed to pay him certain wages due in connections with services he performed on its behalf. The aforementioned action is pending in the United States District Court Southern District of New York, under Case No. 1:21-CV-01358.

B    WHEREAS, the Parties desire to enter into this Settlement Agreement and Release in order to provide for certain payments in full settlement and discharge of all claims without further litigation or adjudication.

C    Nothing herein shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendants specifically disclaim and deny any wrongdoing or liability to Plaintiffs.

D.    Therefore, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set for the below, receipt of which is hereby acknowledged, the settling parties agree as follows:

## AGREEMENT

### 1.0    Mutual General Release and Covenant Not to Sue

In consideration for the payments set forth in §2.0, and in consideration for agreements contained in this Agreement, Plaintiff hereby irrevocably and unconditionally releases from and forever discharge, covenant not to sue and hold harmless Defendants including NATIONS ROOF EAST, LLC (D/B/A NATIONS ROOF EAST LLC), NATIONS ROOF OF NEW YORK, LLC. (D/B/A

NATIONS ROOF EAST LLC), NATIONS ROOF, LLC MICHAEL JOHANNES and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all, of and from any and all actions and causes of actions, suits, debts, claims, legal fees, expenses and demands whatsoever in law or in equity, which he ever had or now has, known or unknown, by reason of any matter, cause or things whatsoever, up to and including the date of this Agreement, and particularly, but without limitation, any claims arising from or relating in any way to his employment relationship or the termination of his employment relationship with Defendants. The released claims include, but are not limited to claims and damages under the Fair Labor Standards Act 29 USC § 201, 29 USC §216 et seq; 29 USC §207 et seq; and for alleged violations of the New York Minimum Wage Act; New York Labor Law §650, The New York Wage Payment Act, New York Labor Law §§190 et seq., New York Labor Law §195 et seq., New York Labor Law §198 et seq; New York Labor Law §663; the New York Department of Labor Regulation, 12 N.Y.C.R.R. part 142 and all other statues and regulations related to the foregoing. This release shall not apply to rights or claims that may arise after the effective date of this Agreement.

Similarly, Defendants, hereby irrevocably and unconditionally releases from and forever discharge, covenant not to sue and hold harmless Plaintiff, his heirs, successors, assigns, agents, attorneys, and legal representatives any and all, of and from any and all actions and causes of actions, suits, debts, claims, legal fees, expenses and demands whatsoever in law or in equity, which Defendants ever had or now has, known or unknown, by reason of any matter, cause or things whatsoever, up to and including the date of this Agreement, and particularly, but without limitation, any claims arising from or relating in any way to plaintiff's employment relationship or the termination of his employment relationship with Defendants. This release shall not apply to rights or claims that may arise after the effective date of this Agreement.

## 2.0  Payments

In consideration of the mutual general release set forth above in §2.0, the "Company" agrees to pay a total sum of FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00) (hereinafter referred to as "the Settlement Amount"), inclusive of all costs and fees, including but not limited to attorney's fees. The Settlement Amount to be paid as follows:

(a) One (1) check in the amount of SIXTEEN THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($16,750.00), less all relevant taxes and other withholdings, representing back wages and made payable to DIGNO QUITUISACA TAPIA. Defendants shall issue a Form W-2 to DIGNO QUITUISACA TAPIA for this amount.

(b) One (1) check in the amount of), SIXTEEN THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($16,750.00), representing liquidated damages and made payable to "DIGNO QUITUISACA TAPIA." Defendants shall issue a Form 1099-MISC to DIGNO QUITUISACA TAPIA for this amount.

    (c)    <u>One (1) check</u> in the amount of SIXTEEN THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($16,500.00), representing attorneys' fees and made payable to plaintiff's counsel, "CSM Legal, P.C.".

The Parties acknowledge that the payment outlined in this section is in full satisfaction of all claims Plaintiff may have for any and all alleged and claimed damages involved in the Action.

The payments set forth in this paragraph shall be delivered to CSM Legal, P.C. located at 60 E. 42nd St., Suite 4510, New York, NY 10165 within thirty (30) days of the Court approval of the Settlement Agreement received by the parties.

3.0    **Stipulation of Dismissal.** Upon execution of the Settlement Agreement, the Parties shall jointly file a motion seeking the court's approval of the Settlement Agreement. The parties agree that the case shall remain open until the Settlement Amount has been paid in full. Upon receipt of (1) the Courts approval of the Settlement Agreement and (ii) within (5) days of receipt of full payment of the Settlement Amount, the Plaintiff shall file the fully executed Stipulation of Dismissal With Prejudice, annexed hereto as Exhibit A.

4.0    **Time Limited Waiver of Future Employment**

Plaintiffs waive all rights and claims to reinstatement as an employee and/or employment with Defendants and agrees that Plaintiffs will not knowingly seek or accept future employment with Defendants or with any successor or assign for 2 years post the Court's approval of this settlement agreement. Plaintiffs agrees that if Defendants or any successor or assign declines to employ Plaintiffs, they shall not be liable for any damages.

5.0    **Return of Documents And Property**

Plaintiffs agree to shred, delete, or otherwise destroy all Defendants' documents produced by Defendants in the Action, excluding plaintiff's payroll records, but including:

    a. Any and all documents, including but not limited to Affidavits produced by the Defendants in anticipation of the mediation of this Action before the Hon. Magistrate Judge Barbara Moses;

    b. Any and all documents attached to Plaintiffs' pre-litigation demand letter; and

    c. Any and all physical copies spreadsheets that were prepared in connection with the Action.

Plaintiffs agree to shred, delete, or otherwise destroy the documents referenced in this section of this Agreement, excluding his payroll records, within (5) days of receipt of payment in full of the Settlement Amount.

6.0    **Neutral References**

**Plaintiffs** agree to direct all requests for references to:

Angela Pettus
NW 126th Avenue
Coral Springs, FL 33065
(954) 796-6067

In response to a request for a reference, Defendants shall provide only Plaintiffs' dates of employment, job title, and salary, if requested.

7.0   **Knowing and Voluntary Acknowledgment**

Plaintiffs specifically agree and acknowledge that:

a.   Plaintiffs have read this Agreement in its entirety and understands all of its terms;

b.   Plaintiffs were advised of the right to consult with an attorney before executing this Agreement, and have consulted with such counsel as Plaintiffs deemed necessary;

c.   Plaintiffs knowingly, freely, and voluntarily assent to all of this Agreement's terms and conditions including, without limitation, the waiver, release, and covenants contained herein; and that

d.   Plaintiffs are executing this Agreement, including the waiver and release, in exchange for good and valuable consideration.

8.0   **Mutual Non-Disparagement.**

1. Claimant and Company mutually agree that they will not disparage each other. The Parties agree and covenant that they shall not make, publish, or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning the Claimant or Company or their businesses, or any of their employees, and officers. This paragraph, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action. The parties may speak truthfully about plaintiff's employment, all claims contained in the subject action, including, but not limited to plaintiff's FSLA claims, and the defenses asserted by the defendants in this action.

9.0   **Successors and Assigns**

Plaintiffs shall not assign this Agreement or any part hereof. Any purported assignment by Plaintiffs shall be null and void from the initial date of the purported assignment.

## 10.0 Governing Law and Forum Selection

This Agreement, for all purposes, shall be construed in accordance with the New York without regard to conflict-of-law principles. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in state or federal court located in the State of New York and/or the Southern District of the State of New York. The Parties hereby irrevocably submit to the exclusive jurisdiction of such courts and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue.

## 11.0 Effect of a Breach

If a Party breaches any of the terms of this Agreement or the post-termination obligations articulated and/or referenced in it, to the extent authorized by New York law, the breaching Party will be responsible for payment of all reasonable attorneys' fees and costs that other Party incurred in the course of enforcing the terms of the Agreement, including demonstrating the existence of a breach and any other contract enforcement efforts.

## 12.0 Entire Agreement

This Agreement contains all of the understandings and representations between the Parties relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

## 13.0 Modification And Waiver

No provision of this Agreement may be amended or modified unless such amendment or modification is agreed to in writing and signed by all of the Parties. No waiver by either party of any breach by the other party of any condition or provision of this Agreement shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by the Parties in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

## 14.0 Severability

In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid or unenforceable the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extend possible to be consistent with the other terms of this Agreement; and if such provisions cannot be so reformed they shall not be deemed part of this Agreement.

## 15.0 Counterparts

The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

16.0. **Gender**

As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number shall each be deemed to include the other whenever the contents to indicate.

17.0 **Tax Consequences**

No warranties are made with respect to the tax consequences of this Agreement, or that the tax statutes, regulations, decisional law, or rulings will not change, and it is fully understood and agreed that Plaintiffs and their attorneys have not relied upon any representations, promises or statements, express or implied, made by Defendants as to the tax consequences of this Agreement and that Plaintiffs and their attorneys agree to release, indemnify and hold harmless Defendants from all liability in connection with any tax consequences of this Agreement.

18.0 **Cooperation of Parties**

The Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement, and which are not inconsistent with its terms.

19.0 **Acknowledgment of Full Understanding**

Plaintiffs acknowledge and agree that Plaintiffs have fully read, understand, and voluntarily enter into this agreement. Plaintiffs acknowledge and agrees that plaintiffs have had an opportunity to ask questions and consult with an attorney of plaintiffs' choice before signing this agreement. Plaintiffs further acknowledge that plaintiffs' signatures below are an agreement to release defendants from any and all claims that can be released as a matter of law.

IN WITNESS WHEREOF, **DIGNO QUITUISACA TAPIA** executed this Agreement. **DIGNO QUITUISACA TAPIA** therefore makes the following Certification:

I, **DIGNO QUITUISACA TAPIA**, CERTIFY THAT:
- This agreement has been translated into my native language of Spanish;
- I agree to the terms of this Agreement;
- I agree to be bound by the terms of this Agreement; and
- I understand that all of the **Parties** are justifiably relying on this certification.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this ___27___ day of ___May___ 2022.

_____(seal)
**DIGNO QUITUISACA TAPIA**

STATE OF NEW YORK)
                                        )
COUNTY OF New York        )

On this, the _27_ day of __May__, 2022, before me, personally appeared _Digno Quituisaca Tapia_ known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein contained.

_____
Notary Public

MICHELLE MENA
Notary Public - State of New York
No. 01ME6420748
Qualified in Bronx County
My Comm. Expires Aug. 16, 2025

My Commission Expires:

DEFENDANTS ACKNOWLEDGE AND AGREE THAT DEFENDANTS HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. DEFENDANTS ACKNOWLEDGE AND AGREES THAT DEFENDANTS HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF DEFENDANTS' CHOICE BEFORE SIGNING THIS AGREEMENT. DEFENDANTS FURTHER ACKNOWLEDGE THAT DEFENDANTS' SIGNATURES BELOW ARE AN AGREEMENT TO RELEASE DEFENDANTS FROM ANY AND ALL CLAIMS THAT CAN BE RELEASED AS A MATTER OF LAW.

IN WITNESS WHEREOF, Michael _____ executed this Agreement. _____ therefore makes the following Certification:

I, _____ CERTIFY THAT:
- I have read this Agreement;
- I agree to the terms of this Agreement;

- I agree to be bound by the terms of this Agreement; and
- I understand that all of the **Parties** are justifiably relying on this certification.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this ___31st___ day of ___May___ 2021.

_____(seal)

STATE OF NEW YORK)
                                                      )
COUNTY OF                                  )

On this, the 31st day of May, 2021, before me, personally appeared ___Michael Schaures___ known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein contained.

_____
Notary Public

My Commission Expires: 12/13/2025

```
ANN BREMEN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BR6426700
Qualified in Bronx County
Commission Expires December 13, 2025
```

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DIGNO QUITUISACA TAPIA, *individually and on behalf of others similarly situated*,

                *Plaintiff*,

-against-

NATIONS ROOF EAST, LLC (D/B/A
NATIONS ROOF EAST LLC), et al,

                *Defendants*.
-----------------------------------------------------------X

STIPULATION OF DISMISSAL
WITH PREJUDICE

21-CV-01358

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, which prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
      _____, 2022

_____
Jennifer Bucher, Esq.
**Pillinger Miller Tarallo, LLP**
555 Taxter Road, 5th Floor
Elmsford, NY 10523
*Attorneys for Defendants*

_____
Clela A. Errington, Esq.
**CSM Legal, P.C.**
60 East 42nd. St. Suite 4510
New York, NY 10165
*Attorneys for Plaintiff*