# CSM LEGAL, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165  
_____

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

May 31, 2022

**BY ECF**  
Honorable Barbara Moses  
United States Magistrate Judge  
United States Courthouse  
500 Pearl St.  
New York, NY 10007

      Re:    Quituisaca Tapia v. Nation Roof  
                Case No. 21-cv-01358

Your Honor:

      This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement ("Agreement") attached hereto as Exhibit A.

      The terms of the Agreement provide that, in exchange for Plaintiff discontinuing this litigation and executing a release of his wage and hour claims in favor of Defendants, Defendants shall pay the total gross amount of fifty thousand dollars ($50,000.00) (the "Settlement Amount"), as described in the Agreement.

      1. **Background**

      Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

      Plaintiff contends that he was employed at Defendants' Yonkers roofing company from March 2018 until September 2019. Plaintiff alleges that he was frequently required to perform extra work, in the form of driving the company van and transporting other workers between the Defendants' offices and worksites, while being compensated for this work at a rate far below the minimum wage.

      Defendants submit that Nations Roof offers transportation to Roofers to and from the jobsites leaving from the Yonkers office to save Roofers money on commuting costs. A Roofer may choose to take company transportation to and from the jobsite or get to the jobsite on their

own, but is not required to take company transportation. Commute time to and from work is generally not compensable under the FLSA.

Plaintiff chose act a driver of the company van on multiple occasions during his employment. On those occasions he was compensated for his time at a flat rate, depending on the job location. The Defendants contest plaintiff's allegation that he was compensated at a rate below minimum wage on the occasions that he acted as a driver.

Due to the many risks associated with litigating this matter, including serious factual disputes regarding the time it took to drive from the Yonkers office to various jobsites, Defendants are satisfied that the Agreement represents a fair compromise and avoids the unknown risks associated with trial.

## 2. Settlement Terms

Were he to prevail on every issue of fact, he estimates that he would be entitled to $77,725.00 in back wages.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Due to the many risks associated with litigating this matter, including defenses asserted by Defendants and serious factual disputes, Plaintiff is satisfied that the Agreement represents a fair compromise. Plaintiff also believes that the present value of the Settlement Amount outweighs the value of potentially being awarded an undetermined amount months or years from now, after trial.

Considering the foregoing risks in this case, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

The parties have included a "Time Limited Waiver of Future Employment" in paragraph 4.0 of the Settlement Agreement and Release, which is permissible in the Second Circuit under certain circumstance pursuant to *Flores v. Food Express Rego Park, Inc*., 2016 U.S. Dist. Lexis 11351 at *2 (E.D.N.Y. Feb. 1, 2016). The Second Circuit has permitted limited waivers if the terms of the waiver will not have a substantial impact on the plaintiff's future career opportunities. The *Flores* Court approved such a provision, reasoning that because the defendants had only one remaining restaurant, "the waiver's impact on plaintiff's future career opportunities is not

Page 3

substantial." *Id*. Further, in *Carino v. B.A. Deli Mart, Inc.*, 2017 U.S. Dist. Lexis 105360 at *2-3 (S.D.N.Y. July 5, 2017), the Court granted the parties' request for approval of the limited waiver of employment agreement, citing to *Flores* and stating that at least one district court in the Second Circuit approved a future employment waiver that only applied to one establishment.

Similar to *Flores* and *Carino* the waiver in this matter will not have a substantial impact on the Plaintiff's future career opportunities as a Roofer for multiple reasons. First, Nations Roof East, LLC and Nations Roof of New York, LLC are sister companies and operate out of one location, 255 Lake Avenue, Yonkers, NY 10701. Nations Roof East, LLC does re-roofing and larger production jobs and currently employs 46 roofers. Nations Roof of New York, LLC does service work and some smaller scope jobs and employs 6-8 roofers. The parent company has no other subsidiaries or affiliates in the State of New York.

Secondly, Nations Roof East, LLC and Nations Roof of New York, LLC represent a very small share of the New York State and New York City roofing market. On the National Roofing Contractors Association (hereinafter "NCRA") webpage, there are 28 other commercial roofing contractors with offices located within a 25-mile radius of the 10701-zip code. Membership in the NRCA is completely voluntary, thus does capture all of the roofing companies and employment opportunities in the roofing industry in New York State.

In addition, Defendant Michael Johannes, Present of Nations Roof East, LLC estimates that Nations Roof East, LLC and Nations Roof of New York, LLC make up less than 2% of the entire New York City roofing market. Finally, the terms of the Time Limited Waiver of Future Employment clause is limited in duration to 2 years.

**3.   Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $16,500.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff' recovery will be retained by the firm. A copy of the Plaintiff's retainer agreement is attached hereto as Exhibit B.

Plaintiff's counsel's lodestar in this case is $8840.00. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ.

1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiff have agreed to the fee provided for in the Agreement.

A brief biography of each Plaintiff's attorney who performed billed work in this matter is as follows:

    i.    Clela A. Errington is an associate at CSM Legal, P.C. She is a 2012 graduate of New York University School of Law. She began her career at Eisner & Mirer, P.C. (now Eisner, Dictor & LaMadrid), specializing in labor law, followed by several years providing litigation support to large law firms including Cravath Swaine & Moore, LLP. She returned to active litigation practice in 2019, joining the Jones Law Firm, P.C., specializing in workers' and debtors' rights, followed by Michael Faillace & Associates in 2020 and CSM Legal, P.C. in 2021, practicing exclusively plaintiff-side wage and hour law. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

    ii.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                                    Respectfully submitted,

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

Page 5

        /s/_____
Clela Errington
CSM LEGAL, P.C.
Attorneys for the Plaintiff

Enclosures